No. 130
COLUMBUS RY. POWER & LIGHT CO. v. PAYNE
Ohio Appeals, 4th Dist., Franklin County
No. 1088. Decided Jan. 22, 1924

954. STREET RAILWAYS—Evidence that motorman gave no warning held admissible, upon the issue of contributory negligence as a part of the res gestae, although not alleged in petition.

Evidence in support of doctrine of last clear chance admissible, although petition sets forth doctrine in very general way.

BY THE COURT.

Epitomized Opinion
First Publication of this Opinion

This was an action brought by Payne against The Columbus Railway Power & Light Co. for personal injuries by reason of a collision between the automobile driven by Payne and one of its street cars. The petition did not charge a failure to give a warning, but the court charged on this point in his general charge. The court also charged on the doctrine of last clear chance. The jury returned a verdict for plaintiff in the sum of $1,530.00.

Defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That although the failure of the motorman to give a warning was not set out in the petition as a ground of negligence, evidence of failure to give a warning was competent upon the issue of contributory negligence and also as a part of the resgestae; consequently the court committed no error in its general charge in treating of this subject.

2. That although the amended petition set forth the doctrine of the last clear chance in a general way, yet the petition was sufficient to invoke the doctrine and justify the court in giving the charge on it.

Attorneys—Johnson, Sharp, Schooler & Toland, for Columbus Railway Power & Light Co.; Charles S. Druggan, for Payne (all of Columbus).